IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEDRIC ANTHONY McCOY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-4550 |
| | : |
| MERCK SHARP & DOHME<br>FEDERAL CREDIT UNION,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM OPINION

Plaintiff Cedric Anthony McCoy, proceeding *pro se*, claims that Defendant Merck Sharp & Dohme Federal Credit Union violated various provisions of two federal consumer protection statutes, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, when it loaned him funds to purchase a vehicle and then sought to collect payments on the loan. For these violations, Plaintiff has requested equitable relief and damages in the amount of $153,413.97. Defendant has moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion shall be granted, and Plaintiff's Amended Complaint will be dismissed with prejudice.

**I.    BACKGROUND**[1]

On December 26, 2018, Plaintiff entered into a loan agreement with Defendant to finance his purchase of a car. Approximately three years later, Plaintiff requested that Defendant "validate his debt obligation" and provide him with "documentary evidence" to prove that it was

---

[1] The following facts are taken from Plaintiff's Amended Complaint and the attached exhibits. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (stating that courts may consider both the allegations contained in the complaint and its exhibits at the motion to dismiss stage). These factual allegations are assumed to be true. *See, e.g.*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

1

"the holder in due course of the original debt instrument or if [the debt instrument] was traded/securitized[.]"

Defendant apparently responded to Plaintiff's request with "unsolicited statements," unverified copies of the loan agreement, and other documents. Unsatisfied with Defendant's proof of his debt obligation, Plaintiff sent Defendant a "Notice of Rescission" which purported to terminate the loan transaction. Plaintiff also sent Defendant a "Cease and Desist Notice." Through these mailings, Plaintiff sought to prevent Defendant from collecting any further payments. Plaintiff also stopped making payments towards the loan balance because he believed he was entitled to do so. Thereafter, Defendant repossessed the car and subsequently informed him that the car would be sold unless he paid the remainder of the loan balance. Plaintiff responded by mailing Defendant a document entitled "Conditional Acceptance for Value Upon Proof of Claim", through which he agreed to pay the balance if Defendant provided proof of the debt and took certain other actions. Defendant apparently never responded to this mailing, and Plaintiff then filed the instant lawsuit alleging that the loan agreement and Defendant's actions thereafter violated both the FDCPA and the TILA.

II.     **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require the dismissal of a complaint on a motion to dismiss if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering a motion to dismiss, courts must construe the complaint "in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (internal quotation marks and citation omitted). To be considered are (1) the allegations contained in the complaint; (2) exhibits attached to the complaint; and, as appropriate, (3) matters of public record. *Schmidt*, 770 F.3d at 249. *Pro se* complaints are construed liberally, though even these complaints must allege facts sufficient to support a claim. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

Under this standard, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), and must "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

**III.   DISCUSSION**

   **a.   Plaintiff's Claims under the FDCPA**

Plaintiff brings his FDCPA claims under each of these provisions of the Act: 15 U.S.C. §§ 1692b(5), 1692c(b), 1692d(4)-(5), 1692e(2)(A), 1692e(4), 1692e(8), 1692e(10), 1692f(6), 1692f(8), and 1692j(a). Defendant argues that all but one of those provision, 15 U.S.C. § 1692j(a), (hereinafter the "Debt Collector Provisions"), do not apply to it. It further argues that the exhibits attached to the Amended Complaint establish that Plaintiff has not alleged any facts to show it contravened §1692j(a).

"The FDCPA provides a remedy for consumers who have been subjected to abusive,

deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs. Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). As a preliminary matter, under the Debt Collector Provisions, a plaintiff must plead that the defendant is a debt collector. *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (second alteration in original)). A "debt collector" is defined in the Act as:

> [A]ny person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*.

15 U.S.C. §1692a(6) (emphasis added). In contrast, a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed. . . ." 15 U.S.C. § 1692a(4). Notably, the FDCPA expressly excludes creditors and their officers from the definition of a debt collector. 15 U.S.C. §1692a(6)(a). In short, the FDCPA does not apply "to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) (citing 15 U.S.C. § 1692a(4)). Rather, "it is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

Plaintiff's Amended Complaint does not articulate any facts suggesting that Defendant is a "debt collector" as defined by the FDCPA. Rather, the exhibits Plaintiff appended to it establish that Defendant is a creditor. The copy of the pre-approved loan agreement attached as Exhibit 1 to Plaintiff's Amended Complaint shows that the Defendant extended credit to Plaintiff to finance the purchase of a car. Specifically, it states that Defendant offered and extended a loan to Plaintiff, the borrower. Following the execution of the loan agreement, Defendant thereafter sought repayment of the loan it extended to Plaintiff. In that Defendant is a creditor, and not a debt collector under the FDCPA as it seeks to collect debts on its own behalf, Plaintiff

has failed to state a claim for relief under 15 U.S.C. §§ 1692b(5), 1692c(b), 1692d(4)-(5), 1692e(2)(A), 1692e(4), 1692e(8), 1692e(10), 1692f(6) and 1692f(8).  His claims under these provisions shall therefore be dismissed with prejudice.

Plaintiff fails to plead facts showing his entitlement to relief under his remaining FDCA claim under 15 U.S.C. § 1692j(a).  This subsection proscribes the use of a form to create a false belief about the identity of the collector[2], and imposes liability on a broader range of actors than debt collectors *i.e.* on "[a]ny person who violates this section. . . ." 15 U.S.C. § 1692j(b).  While Plaintiff alleges that there were "billing errors" in Defendant's communications and that Defendant failed to show that it was the "holder in due course of the debt," the Amended Complaint does not contain any allegations that Defendant created or sought to create a false belief about its identity in seeking payment from Plaintiff on the loan.  If anything, the loan agreement and Defendant's letters attached to the Amended Complaint indicate that Defendant consistently represented itself by its own name—Merck, Dohme & Sharp Federal Credit Union.  Accordingly, Defendant's motion to dismiss shall be granted with respect to Plaintiff's FDCPA claim which will be dismissed with prejudice.[3]

### b.  Plaintiff's Claims Under the TILA

Plaintiff alleges that Defendant violated three provisions of the TILA by failing to

---

[2] Specifically, this provision of the FDCPA provides that it is "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."  15 U.S.C. § 1692j(a).

[3] On a motion to dismiss, a complaint may be dismissed with prejudice and plaintiff may be denied leave to further amend his claims if amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Simply stated, a court may dismiss a claim with prejudice if an amendment would still not cure the deficiency.  *Id.*  As Defendant does not meet the definition of a debt-collector and cannot be held liable under the foregoing provisions of the FDCPA, an amendment would be futile as it could not cure the deficiency.

include certain disclosures in the loan agreement.  Defendant moves to dismiss this claim because the statute of limitations has run, and, further, that they are "baseless" as a matter of law.

Like the FDCPA, the TILA is a consumer protection statute which "requires lenders to make certain disclosures to borrowers." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998).  It further gives borrowers a civil cause of action, *i.e.*, the right to pursue a private civil lawsuit, against creditors who fail to make the required disclosures.  *Id.*  The statute requires a borrower to raise his claims within one-year of the alleged violation unless there is cause for equitable tolling.  *Id.* at 505; 15 U.S.C. § 1640(e) ("any action that under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.").

Technically, the statute of limitations is an affirmative defense which the Federal Rules of Civil Procedure require be raised in an answer, not in a motion to dismiss.  *Schmidt*, 770 F.3d at 249.  Nonetheless, in this Circuit, a statute of limitations defense can be raised in a motion to dismiss and relief can be granted when it is "apparent on the face of the complaint" that the claim lies outside of the limitations period.  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  The "burden of establishing its applicability to a particular claim rests with the defendant."  *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010) (quoting *Bradford-White Corp. v. Ernst & Whinney*, 872 F.3d 1153, 1161 (3d Cir. 1989)).  To survive a motion to dismiss based on a statute of limitations defense, a plaintiff need only "plead the applicability of the [equitable tolling] doctrine."  *Oshiver v. Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994), *overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc) *aff'd*, 140 S. Ct. 355.

Here, Plaintiff's allegations regarding Defendant's violations of the TILA concern

Defendant's conduct at the execution of loan agreement.  The loan agreement appended to Plaintiff's Amended Complaint shows that it was executed on December 26, 2018.  Therefore, under TILA's one-year statute of limitations, Plaintiff had until December 26, 2019 to file suit.  But, he did not do so until October 14, 2021, and has not alleged that equitable tolling applies.  Accordingly, his TILA claims must be dismissed.

Moreover, they will be dismissed with prejudice as the appended loan agreement shows that Defendant, in fact, complied with the statute's disclosure requirements so any amendment on these claims would be futile.

Plaintiff first alleges that Defendant violated subsection 1605(a)(1) of the TILA due to its "[n]on-disclosure, as well as not including interest, additional charges, etc. in the finance charge."  The cited provision of the TILA requires a Defendant to disclose "[i]nterest, time price differential, and any amount payable under a point, discount, or other system of additional charges" as finance charges in connection with any consumer credit transaction.  15 U.S.C. § 1605(a)(1).  The loan agreement complies with these requirements as it discloses each of the charges required under this provision.  It discloses the interest rate as 3.49%, the time price differential as $2,511.21 and explains what, if any, additional charges may accrue under the agreement.

Plaintiff next grounds for alleging that Defendant violated the TILA is made pursuant to 15 U.S.C. § 1605(b) which requires a lender to disclose "[c]harges or premiums for credit life, accident, or health insurance."  The Amended Complaint, however, lacks any allegations that Defendant improperly charged Plaintiff for insurance in connection with his loan agreement.  Indeed, the loan agreement requires Plaintiff to purchase insurance for his vehicle, but it expressly does not require him to purchase it from Defendant or otherwise indicate that Plaintiff

actually purchased insurance from Defendant. Rather, Plaintiff's claim appears to be based on his purchase of "collision coverage" in a separate vehicle purchase agreement he entered into with Enterprise Car Sales. On a copy of that agreement (which is appended to the Amended Complaint) Plaintiff has highlighted the term "collision coverage" and annotated the document with his view that this term in the contract violates 15 U.S.C. § 1605(b). Notably, Defendant is not a party to this contract; it is mentioned only as the lien holder. Accordingly, to the extent that his TILA claim is premised on his purchase of collision coverage in the purchase agreement, it shall be dismissed with prejudice as the documents show that the collision coverage was not part of the loan supplied by Defendant.

Plaintiff's third claim under the TILA must also be dismissed with prejudice. He theorizes that the Defendant violated 15 U.S.C. § 1611(1) because it "[f]ail[ed] to provide the forms and information required to be disclosed including but not limited to the right to rescind the transaction for the vehicle and all the finance charge disclosures." But he is not entitled to bring suit under this provision of the TILA because it "imposes criminal liability and does not create a private right of action." *See Timm v. Wells Fargo Bank, N.A.*, 701 Fed. App'x 171, 175 (3d Cir. 2017).

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint will be granted, and Plaintiff's Amended Complaint will be dismissed with prejudice.

An appropriate order follows.

                              **BY THE COURT:**

                              **/S/WENDY BEETLESTONE, J.**

                              _____
                              **WENDY BEETLESTONE, J.**